UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KT STATE & LEMON LLLP and
KAST CONSTRUCTION IV, LLC,

    Plaintiffs,

v.                                            Case No: 8:21-cv-1941-TPB-AAS

WESTCHESTER FIRE INSURANCE
COMPANY and NORTH AMERICAN
CAPACITY INSURANCE COMPANY,

    Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL**

This matter is before the Court on Plaintiffs' "Consented Motion for Leave to File Under Seal Plaintiffs' Local Rule 3.03 Disclosure Statement." (Doc. 7). Plaintiffs assert that the ownership information they are required to disclose under Local Rule 3.03 includes information relating to a family trust that is sensitive, private, and confidential. They assert that the information would implicate the privacy rights of people involved in the trust who are neither parties to the litigation nor public figures. Plaintiffs therefore seek to file their disclosures under seal.

As Plaintiffs acknowledge, court records are presumptively available to the public for inspection and copying. *See, e.g.*, *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("[B]oth judicial proceedings and judicial records are presumptively available to the public."); *see also Verma v. Mem. Healthcare*

*Group, Inc.*, No. 3:16-cv-427-J-25JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). Local Rule 3.03 requires disclosure of the identities of persons who have or may have an interest in the outcome of judicial proceedings so that courts may determine whether a conflict of interest exists. Public confidence in the integrity of the judicial system requires that the information used by courts in making that determination be available to the public. *See In re Motors Liquidation Co.*, 561 B.R. 36, 43 (Bankr. S.D.N.Y. 2016) ("[C]ourts are accountable to other parties *and* the public when determining whether a conflict of interest exists. Public filings permit the public to view the information courts use in this determination.").

The presumption of public access may be overcome by a showing of good cause. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (listing factors courts consider in assessing whether good cause has been shown). It appears, however, that the only information Plaintiffs seek to seal is the identity of beneficiaries or others involved with the trust. Protecting the identities of individuals involved in the ownership structure of a litigant is typically not regarded as a sufficient basis for sealing court records. *See, e.g.*, *3376 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, 3:14-cv-632-J-34PDB, 2014 WL 12621574, at *2 (M.D. Fla. Aug. 25, 2014) ("The plaintiff has not articulated a legitimate privacy interest in the members' identities and its preference that the identities remain private is not a valid reason to overcome the presumption of public access.");

*Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 970 (E.D. Wis. 2013) (same).

Plaintiffs point to *Rossbach v. Rundle*, 128 F. Supp. 2d 1348 (S.D. Fla. 2000), but that case involved "highly personal and inflammatory information," such as information relating to non-parties' extramarital affairs and drinking problems. Plaintiffs point to no similarly sensitive information here. Plaintiffs label the information sought to be sealed "confidential" and "private," but such conclusory assertions about the information to be protected or the harm that could occur upon disclosure are insufficient. *See Romero*, 480 F.2d at 1247. Instead, "[t]he party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *In re: Photochromic Lens Antitrust Litig.*, 8:10-MD-2173-T27EAJ, 2011 WL 13141945, at *1 (M.D. Fla. June 9, 2011) (internal quotation omitted). Plaintiffs have not done that here.

Plaintiffs' motion to seal is therefore denied without prejudice. Plaintiffs must file their Local Rule 3.03 disclosure statement by November 9, 2021, unless on or before that date they file a renewed motion with a more specific demonstration of good cause for sealing.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiffs' "Consented Motion for Leave to File Under Seal Plaintiffs'

Local Rule 3.03 Disclosure Statement" (Doc. 7) is **DENIED WITHOUT PREJUDICE.**

(2) Plaintiffs are **DIRECTED** to file the disclosure statement required by Local Rule 3.03 on or before November 9, 2021, unless on or before that date Plaintiffs file a motion with a more specific demonstration of good cause for sealing the disclosure under the standards set forth above.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of November, 2021.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**